Nikki L. Wilson (State Bar No. 218744)
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Telephone: (949) 885-1360
Facsimile: (949) 885-1380
E-mail: Nikki.Wilson@jacksonlewis.com

Attorney for Defendant
MERIDIAN SENIOR LIVING, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE GONZALEZ, HELEN ALBA, RUBY LAGUNAS-MARTINEZ and ANA MARIA MARTINEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>MERIDIAN SENIOR LIVING, LLC, LK ASSET ADVISORS, LLC, IBORROW 525 W. LA PALMA TENANT LLC, IBORROW 525 W. LA PALMA OWNER LLC, CONTINENTAL GENERAL INSURANCE COMPANY, AHAOMA (SAM) ONYEBUCHI and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:<br><br>**DEFENDANT MERIDIAN SENIOR LIVING, LLC'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1331, 1332 AND 1441**<br><br>Complaint filed:  November 14, 2025<br>Case removed:    January 12, 2026 |

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant MERIDIAN SENIOR LIVING, LLC ("Meridian") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1331, 1332, 1441(a) and (b), and 1446 and remove the above-entitled action to the United States District Court for the Central District (the "District Court") from the Superior Court of the State of California in and for the County of Orange (the "Superior Court").

Pursuant to 28 U.S.C. Section 1446(d), the filing of the Notice of Removal with this Court together with filing a notice with the State Court, effectuates the removal of this action.

## I.  STATEMENT OF JURISDICTION

1. The District Court has original jurisdiction under 28 U.S.C. §§ 1331 & 1332(a)(1), and this case may be removed on two separate grounds pursuant to Section 1441. The District Court has original jurisdiction because it is a civil action containing a federal question and is between "citizens of different States" wherein the amount placed in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

2. As set forth below, jurisdiction within the District Court is proper on the grounds herein described and the action is timely and properly removed upon the filing of this Notice.

## II.  PLEADINGS AND PROCESS

3. On November 11, 2025, Plaintiffs JOYCE GONZALEZ, HELEN ALBA, RUBY LAGUNAS-MARTINEZ and ANA MARIA MARTINEZ (collectively "Plaintiffs") filed a civil complaint against Meridian and other co-Defendants in the Superior Court of Orange County entitled *Joyce Gonzalez, et al. v. Meridian Senior Living, LLC, et al.,* Case No. 30-2025-01526706-CU-0E-CJC (the "State Court Action"). A true and correct copy of the Complaint filed by Plaintiffs in the State Court Action is attached to the Declaration of Nikki Wilson ("Wilson Decl.") as **Exhibit "A."** (Wilson Decl. ¶ 2.)

4. Meridian was first served with a copy of the Summons, Complaint, ADR package, Civil Case Cover Sheet, Notice of Hearing, in this action by delivery upon its authorized agent for service of process in California on December 12, 2025. (*Id*. at ¶ 3.) A true and correct copy of the Summons and accompanying documents served on Meridian are collectively attached as **Exhibit "B"** to the Declaration of Nikki Wilson and incorporated by reference. (*Id*.) Co-Defendants Continental General Insurance Company ("Continental") and LK Asset Advisors, LLC ("LK Asset") were also served with the same

documents by delivery upon their authorized agents for service of process in California on December 12, 2025. (*Id.* at ¶ 4.) A true and correct copy of the corresponding proofs of service are attached as **Exhibit "C"** to the Declaration of Nikki Wilson and incorporated by reference. (*Id.*)

5. On January 9, 2026, Meridian filed and served its Answer in the State Court Action. (*Id.* ¶ 5.) A true and correct copy of the Answer filed in the State Court Action is attached as **Exhibit "D"** to the Declaration of Nikki Wilson and incorporated by reference. (*Id.*)

6. As of the date of this Notice of Removal, the documents comprising Exhibits A through D filed concurrently herewith constitute all the pleadings that have been filed in the State Court Action. (*Id.* ¶ 6.) No further proceedings have been had in the state court as of the date of this Notice of Removal. (*Id.*)

### III. REMOVAL IS TIMELY

7. Under 28 U.S.C. § 1446(b), a defendant has 30 days to File a Notice of Removal, measured from the date the defendant is served with the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

8. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Meridian filed this Notice within 30 days after December 12, 2025, which is the date Plaintiffs served Meridian with the Complaint.

### IV. NOTICE TO ALL PARTIES AND STATE COURT

9. In accordance with 28 U.S.C. § 1446(d), Meridian will promptly serve this Notice of Removal on all parties and promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of Orange County. As also required by Section 1446(d), Meridian is serving Plaintiffs and the Superior Court with this Notice of Removal, and will affirm such in a Declaration of Service. (Wilson Decl., ¶ 7, Ex. E.)

### V. VENUE

10. This action was initially filed in the Superior Court in Orange County, which sits within the Southern Division of the Central Judicial District of California. 28 U.S.C.

§§ 84(b) ("Central District (c) The Central District comprises 3 divisions. . .[t]he Southern Division comprises Orange County."). Thus, for purposes of Removal, venue properly lies in this District Court. *See* 28 U.S.C. § 1446(a).

## VI. THIS CASE IS REMOVABLE BASED ON FEDERAL QUESTION

11.   The District Court has original jurisdiction over this action based on federal question pursuant to 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163, 118 S. Ct. 523, 529 (1997).

12.   Here, Plaintiffs have alleged three causes of action under Title VII. (Wilson Decl., ¶ 2, Exhibit A ["Defendants have engaged in unlawful employment practices in violation of §§ 701(k), 703(a) and 704(a) of Title VII, 42 U.S.C. 2000e-2(a) and 2000e-3(a). . . [t]his cause of action is brought pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §2000e, *et seq*. which prohibits employers from retaliating against employees who make complaints of discrimination or harassment to their employers."].) Plaintiffs' contend that they suffered from sexual harassment, discrimination based on sex, and retaliation under Title VII—a compilation of federal laws. Thus, this civil action may be removed to the District Court by Meridian pursuant to 28 U.S.C. §§ 1331.

## VII. THIS CASE IS REMOVABLE BASED ON DIVERSITY JURISDICTION

13.   The District Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), which provides the district courts shall have original jurisdiction of all civil actions between citizens of different states wherein the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

### a. There is Complete Diversity Between Plaintiffs and Served Defendants

14.   Plaintiffs have, at all times relevant, been citizens of the State of California within the meaning of 28 U.S.C. § 1332(a). For the purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the

lawsuit is filed. *Lew v. Moss,* 797 F.2d 747, 749 (9th Cir. 1986). Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).

15. Plaintiffs allege that "JOYCE GONZALEZ was a resident of the City of Anaheim, Orange County, California. . . HELEN ALBA was a resident of the City of Lakewood, Los Angeles County, California. . . RUBY LAGUNAS-MARTINEZ was a resident of the City of Anaheim, Orange County, California. . . [and] ANA MARIA MARTINEZ was a resident of the City of Fullerton, Orange County, California." Ex. A, ¶ 8. Because Plaintiffs are domiciled in California, they are citizens of California for diversity jurisdiction purposes.

16. Like a partnership, an LLC is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

17. Meridian is a limited liability company duly formed under the laws of Delaware and which duly controls its operations from its headquarters and principal place of business in Maryland at 7201 Wisconsin Ave, Suite 505, Bethesda, MD 20814. (Declaration of Timothy O'Brien ("O'Brien Decl.") ¶ 3.)

18. The sole member of Meridian is Sino-Ocean Meridian Holdings, LLC, duly formed under the laws of Delaware and which controls its operations from its headquarters and principal place of business at 7201 Wisconsin Ave, Suite 505, Bethesda, MD 20814. (O'Brien Decl. ¶ 4.)

19. Sino-Ocean Meridian Holdings, LLC's, members are Equal Rapid Intermediate Holdco, LLC, MeriStar Holdings, LP, P. Kacy Kang, and Kevin Carlin. Equal Rapid Intermediate Holdco, LLC is duly formed under the laws of Delaware and which controls its operations from its headquarters and principal place of business in Beijing, China. (*Id*. at ¶ 5.)

20. Meristar Holdings, LP is a limited partnership duly formed under the laws of Delaware and which controls its operations from its headquarters and principal place of

business at 7201 Wisconsin Ave, Suite 505, Bethesda, MD 20814. Robert Sweet and I are the owners of Meristar Holdings, LP and of its managing partner, MeriStar Holdings, LLC, a Delaware limited liability company. I am a natural person and am a citizen of the State of Maryland. Robert Sweet is a natural person and is a citizen of the State of Maryland. P. Kacy Kang is a natural person and a resident of South Carolina. Kevin Carlin is a natural person and a resident of the State of Washington. (*Id*. at ¶ 6.)

21. Equal Rapid Intermediate Holdco, LLC's sole member is Sino-Ocean Senior Living, LLC. Sino-Ocean Living, LLC is duly formed under the laws of Hong Kong and which controls its operations from its headquarters and principal place of business in Hong Kong. (*Id*. at ¶ 7.)

22. Sino-Ocean Senior Living, LLC's sole member is Forever Jade Developments, LLC. Forever Jade Developments, LLC is duly formed under the laws of the British Virgin Islands and which controls its operations from its headquarters and principal place of business in the British Virgin Islands. (*Id*. at ¶ 8.)

23. Forever Jade Developments, LLC's sole member is Sino-Ocean Land Limited Company, a holding company duly formed under the laws of Hong Kong and which controls its operations from its headquarters and principal place of business in Hong Kong. (*Id*. at ¶ 9.)

24. A corporation is considered a citizen of any state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332 (c)(1). In *Hertz Corp v. Friend*, 559 U.S. 77 (2010), the United States Supreme Court recognized and adopted the "nerve-center" test to determine the state in which a corporation has its principal place of business. *Id.* at 93. Under the "nerve-center" test, the principal place of business refers to the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 92-93.

25. Upon information and belief, co-Defendant Continental is incorporated in the State of Texas and has its principal place of business in Austin, Texas. (Wilson Decl. ¶ 8.)

6
DEFENDANT MERIDIAN SENIOR LIVING, LLC'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

26. Upon information and belief, co-Defendant LK Asset is incorporated in the State of Nebraska and has its principal place of business in Omaha, Nebraska. (*Id.*) Further, it appears that LK Asset is not in good standing with the California Franchise Tax Board and has failed to submit a Statement of Information since June 30, 2022. (*Id.*)

27. Meridian—its members—and the served co-defendants are not citizens of California, unlike Plaintiffs. Accordingly, there is complete diversity between Plaintiffs and the served defendants. Based on the foregoing, this action is one between "citizens of different States" in accordance with Section 1332(a).

28. Pursuant to 28 U.S.C. Section 1441(b)(2), this case is removable even though co-Defendants IBORROW 525 W. LA PALMA TENANT LLC, IBORROW 525 W. LA PALMA OWNER LLC (collectively "IBORROW"), may be citizens of California (the location this case has been filed) because Meridian is informed and believes that IBORROW has not been personally served with the Complaint, nor has it appeared before the court. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); *Zirkin v. Shandy Media, Inc.,* No. 218CV09207ODWSSX, 2019 U.S. Dist. LEXIS 24540, at * 2 (C.D. Cal. Feb. 14, 2019) (holding that the statutory construction of 28 U.S.C. § 1441(b)(2) "indicates that the Forum Defendant Rule only attaches if a plaintiff properly joins and properly serves at least one in-state defendant. This clear language is not open to multiple interpretations."); *Monfort v. Adomani, Inc.,* No. 18-CV-05211-LKH, 2019 WL 131842 at *4 (N.D. Cal. Jan. 9, 2019) ("By its plain language, 28 U.S.C. § 1441(b)(2) permits an in- state defendant who has not been both joined and served to remove a case to federal court on the basis of diversity jurisdiction. Here, it is undisputed that Defendants removed Plaintiff's Complaint before any of these Defendants were served. Thus, Defendants' notice of removal was not procedurally improper, and remand is not warranted."); *see Harrison v. Sonesta Int'l Hotels Corp.,* No. 2:23-CV-04867-SB, 2023 U.S. Dist. LEXIS 146800, AT *2-3 (C.D. Cal. Aug. 18, 2023) (denying Plaintiff's motion

for remand because the plain text of 28 U.S.C. § 1441(b)(2) unambiguously allows for snap removal and such statutory interpretation would not produce an absurd result).

29. The presence of Doe Defendants has no bearing on diversity with respect to removal as 28 U.S.C section 1441 provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of determining whether an action is removable on the basis of diversity jurisdiction. See 28 U.S.C. § 1441(b)(1). Accordingly, complete diversity of citizenship between the parties exists within the meaning of 28 U.S.C. section 1332.

### b. **Plaintiffs' Complaint Places More Than $75,000 in Controversy.**

30. In cases in which the existence of diversity jurisdiction depends on the amount in controversy, "the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

31. When the allegations in a complaint do not establish the amount in controversy, a removing defendant can do so by "provid[ing] evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Id.*; *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (2013) ("A defendant seeking removal . . . must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum" in any case in which "the plaintiff does not plead a specific amount in controversy."); *Steele v. Grainger, Inc.*, 2013 U.S. Dist. LEXIS 81381, at *14 (S.D. Cal. June 10, 2013) (noting that "a plaintiff cannot . . . lower the amount of monetary relief requested in an attempt to evade federal jurisdiction").

32. Courts "must assume that the allegations of the complaint are true and that a jury [will] return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal.

2002).[1] The ultimate inquiry is what amount is placed "in controversy" by the Complaint and not the amount that a defendant would owe if the plaintiff prevails. *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 401 (2010); s*ee also Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy."). The "amount in controversy is simply an estimate of the total amount in dispute." *Lewis*, 627 F.3d at 400.

33. FEHA provides for an award to successful plaintiffs of lost wages including front pay, which is the salary and benefits a plaintiff would have earned from the date of employment termination through the time when the plaintiff should reasonably be expected to find comparable employment. The proper measure of front-pay damages is the amount necessary to restore the plaintiff to the economic position the plaintiff would have occupied but for the illegal discrimination of the employer. *Allen v. Cornish & Carey*, NO. 96-20254 SW, 1997 U.S. Dist. LEXIS 14071, at *18 (N.D. Cal. Apr. 11, 1997) *citing Cassino v. Reichhold Chemicals, Inc*., 817 F.2d 1338, 1346 (9th Cir. 1987).

34. The amount in controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute. *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-56.

35. Although the Complaint does not specify the dollar amount of damages being sought, Meridian has a reasonable good faith belief that Plaintiffs seek damages in excess of $75,000 and the jurisdictional requirements of this Court for the following reasons:

    a. Plaintiffs claim that as a result of Defendants' actions, they have suffered damages, including loss of income, compensatory damages, punitive damages, and attorneys' fees. (Wilson Decl. ¶ 2, Ex. A.)

    b. Plaintiff Ruby Lagunas' hourly wage was $13.00 as a concierge. (O'Brien Decl. ¶ 10.) Which is approximately $2,080 per month (assuming a 40 hour

---

[1] By demonstrating the basis for the District Court's original jurisdiction under the diversity statute, Defendant in no way concedes that Plaintiff's claims are valid or that they are entitled to recover anything from Defendant.

9

DEFENDANT MERIDIAN SENIOR LIVING, LLC'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

work week). Plaintiff Joyce Gonzalez earned a yearly salary of $65,000.00 as a wellness director. (*Id*. at ¶ 11.) Which is approximately $5,416.67 per month. Plaintiff Ana Maria Martinez's hourly wage was $15.00 as a housekeeping supervisor. (*Id*. at ¶ 12.) Which is approximately $2,400 per month (assuming a 40 hour work week). Plaintiff Helen Alba's hourly wage was $27.00 as a receptionist. (*Id*. at ¶ 13.) Which is approximately $4,320 per month (assuming a 40 hour work week).

c. Plaintiffs allege that they were all terminated "on or about June 19, 2020." (Wilson Decl. ¶ 2, Ex. A.) From the alleged termination date to the filing of the instant removal, nearly 67 months have elapsed. Thus, each Plaintiff's back pay would equal: Lagunas - $139,360; Gonzalez - $362,916.89; Martinez - $160,800; and Alba - $289,440. Totaling $952,516.89. Meridian has a reasonable good faith belief that Plaintiffs are seeking damages in excess of $75,000.

d. Assuming that Plaintiffs also recover front pay for 6 months, this front pay would total $85,300.02. Plaintiffs' front pay alone is in excess of $75,000.

36. **Emotional Distress Damages**: Plaintiffs seeks damages for emotional distress, humiliation, severe anguish, nervousness, anger, tension, and anxiety. (Wilson Decl. ¶ 2, Ex. A.) Although Meridian vigorously denies Plaintiffs' allegations, if Plaintiffs were to prevail, the emotional damages alone for Plaintiffs could also exceed the $75,000.00 jurisdictional minimum. *See Eun Joo Ko v. Square Grp., LLC dba The Square Supermarket*, Case No. BC487739 (Cal. Super. Ct. June 16, 2014) ($125,000 in emotional distress damages for wrongful termination); *Juarez v. Autozone Stores, Inc*., 2014 WL 7017660 (S.D. Cal. 2014) (jury verdict of $250,000 for pain and suffering in discrimination case); *Kolas v. Access Bus. Grp. LLC*, Case No. BC364232 (Cal. Super. Jan. 14, 2008) ($200,000 in emotional distress damages for wrongful termination claim); *Kimberly Landis v. Pinkertons, Inc*., 122 Cal.App.4th 985, 988 (2004) ($275,000 emotional distress damages awarded in wrongful termination case).

37. **Punitive Damages**: Plaintiffs also seek punitive damages. (Wilson Decl. ¶ 2, Ex. A.) Although Meridian vigorously denies Plaintiffs' allegations, if Plaintiffs were to prevail, the punitive damages alone for Plaintiffs could also exceed the $75,000.00 jurisdictional minimum. *See Navarro v. 4Earth Farms, Inc.* et al., 2019 Cal.App.Unpub. LEXIS 986, at *11 (2019) (award of $100,000 in punitive damages in wrongful termination case); *Tapia v. San Gabriel Transit, Inc.*, Case No. BC482433 (Cal. Super. Ct. Nov. 16, 2015) (awarding $400,000 in punitive damages in wrongful termination case).

38. Ultimately, the evidence and allegations demonstrate that Plaintiffs seek damages in excess of $75,000, the jurisdictional requirement of this Court as Plaintiffs seek to recover lost wages and compensatory damages. Moreover, the attorney's fees incurred through trial will very likely exceed $75,000.

39. Thus, this civil action may be removed to the District Court by Meridian pursuant to the provisions of 28 U.S.C. §§ 1332, 1348, 1441 *et seq.* and 1446(b), because the action is between citizens of different states and, based on the facts and arguments set forth in paragraphs 35 through 38 above, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

40. This Notice of Removal is filed within thirty (30) days after Meridian was properly served with a copy of the Summons and Complaint in this case and within one year after the state court action was filed. (Wilson Decl., ¶¶ 2-5; and Exhibits A, B & D.) This Notice therefore is filed within the time period provided by 28 U.S.C. § 1446(b).

## VIII. CONCLUSION

Based on the foregoing, Meridian respectfully requests that this action be removed to this Court.

DATED: January 12, 2026                    JACKSON LEWIS P.C.

By: */s/Nikki L. Wilson*
 Nikki L. Wilson
 Attorney for Defendant
 MERIDIAN SENIOR LIVING, LLC

DEFENDANT MERIDIAN SENIOR LIVING, LLC'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA